Nathan G. Kanute, Esq.
Nevada Bar No. 12413
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: nkanute@swlaw.com

*Attorneys for Plaintiffs EMI April Music Inc., Monica's Reluctance to LOB, Purple Rabbit Music, and Tiny Bear Music*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EMI APRIL MUSIC INC.; MONICA'S RELUCTANCE TO LOB; PURPLE RABBIT MUSIC; AND TINY BEAR MUSIC,<br><br>Plaintiffs,<br><br>vs.<br><br>DRT ENTERTAINMENT L.L.C., D/B/A ADRENALINE SPORTS BAR AND GRILL; DARIN D. DISCIORIO; TYRONE D. DISCIORIO; AND RICHARD D. EUBANK,<br><br>Defendants. | Case No. 2:16-cv-02423<br><br>**COMPLAINT** |

EMI APRIL MUSIC INC., MONICA'S RELUCTANCE TO LOB, PURPLE RABBIT MUSIC, AND TINY BEAR MUSIC ("Plaintiffs"), by and through their counsel, Snell & Wilmer L.L.P., submits this Complaint and states as follows:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with

respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant DRT Entertainment L.L.C. ("DRT") is a limited-liability company organized under the laws of the state of Nevada with offices at 3103 North Rancho Drive, Las Vegas, Nevada 89130.

6. At all times hereinafter mentioned, DRT did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Adrenaline Sports Bar & Grill ("Adrenaline"), located at 3103 North Rancho Drive, Las Vegas, Nevada 89130.

7. Musical compositions were and are publicly performed at Adrenaline.

8. On information and belief, defendant Darin D. Disciorio is an individual who resides and/or does business in Clark County, Nevada.

9. On information and belief, defendant Tyrone D. Disciorio is an individual who resides and/or does business in Clark County, Nevada.

10. On information and belief, defendant Richard D. Eubank (together with DRT, Darin D. Disciorio, and Tyrone D. Disciorio, the "Defendants") is an individual who resides and/or does business in Clark County, Nevada.

11. At all times hereinafter mentioned, Darin D. Disciorio, Tyrone D. Disciorio, and Richard D. Eubank were, and still are, members and/or managers of DRT.

12. At all times hereinafter mentioned, Darin D. Disciorio, and Tyrone D. Disciorio, and Richard D. Eubank were, and still are, responsible for the control, management, operation and maintenance of the affairs of DRT.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

25030049

13. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Adrenaline, including the right and ability to supervise and control the public performance of musical compositions at Adrenaline.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Adrenaline.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

15. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 585,000 songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. Since October 2014, ASCAP representatives have made more than 40 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Adrenaline. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

18. Defendants have refused all of ASCAP's license offers for Adrenaline.

19. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Adrenaline constitute copyright infringement of ASCAP's members' copyrights in their musical works.

20. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Adrenaline, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775.785.5440

25030049

21. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22. Each composition was published on the dates stated in Column 5, and since the date of publication has been printed and published in conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Adrenaline, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances at Adrenaline of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at Adrenaline include the performances of the three copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the

1  Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury,
2  for all of which the said Plaintiffs are without any adequate remedy at law.

3  WHEREFORE, Plaintiffs EMI APRIL MUSIC INC., MONICA'S RELUCTANCE TO
4  LOB, PURPLE RABBIT MUSIC, AND TINY BEAR MUSIC pray for judgment against
5  Defendants as follows:

6  A.  That Defendants and all persons acting under the direction, control, permission or
7  authority of Defendants be enjoined and restrained permanently from publicly performing the
8  aforementioned compositions -- or any of them -- and from causing or permitting the said
9  compositions to be publicly performed at Adrenaline, or at any place owned, controlled,
10 managed, or operated by Defendants, and from aiding or abetting the public performance of such
11 compositions in any such place or otherwise.

12 B.  That Defendants be decreed to pay such statutory damages as to the Court shall
13 appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars
14 ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

15 C.  That Defendants be decreed to pay the costs of this action and that a reasonable
16 attorney's fee be allowed as part of the costs.

17 D.  For such other and further relief as may be just and equitable.

19 Dated: October 18, 2016                SNELL & WILMER L.L.P.

21 By:/s/ Nathan G. Kanute
22 Nathan G. Kanute (NV Bar No. 12413)
   50 West Liberty Street, Suite 510
   Reno, Nevada  89501-1961

23 *Attorneys for Plaintiffs EMI April Music*
24 *Inc., Monica's Reluctance to LOB, Purple*
   *Rabbit Music, and Tiny Bear Music*